Deaderick, J.,
delivered the opinion of tlie court:
This is an action of trespass brought in the circuit court of Hardin county, by defendant in error, against the plaintiffs in error, to recover damages for removing from defendant’s land certain buildings, consisting of a dwelling house, kitchen, cabins, stables, etc.
Plaintiff recovered, and defendant appealed in error to tbis court.
*339 On the 20th of February, 1857, Cherry, the then owner of the tract of 817 acres of land, by his deed conveyed to J. A. Johnson, “all the pine and poplar timber suitable for saw purposes for .making lumber,” on said land. He also conveyed to him “tho privilege of building a steam sawmill, and other necessary buildings, attached to |,he same, on any part of said land,” and use of water “and timber necessary for building purposes, in addition to> the saw timber that may be on said land.”
On the 8th of September, 1859, Cherry sold and conveyed the said tract of land to Willingbby, the defendant in error, excepting from his conveyance “the pine and poplar timber suitable for present saw logs, a sufficient quantity of any other timber required to build houses and mills, etc., for sawing said timber,” with use of lands and water necessary for the erection and running of said machinery, mills, dwelling horises, etc., while sawing and hauling off said timber, etc.
Johnsons erected their machinery under* sheds or houses covering- the same, and also erected a dwelling house, kitchen, stables, corn crib, and other out-houses upon tho premises, which were used and oecrrpied by themselves, their hands, and stock.
At the termination of their lease, or after they had sawed all the pine and poplar timber on the premises, they removed their, machinery, and the buildings containing the same, and also just before and after the removal of the machinery, they removed the dwelling house and out-buildings from the tract of land, and converted them to their own use.
And the question raised in the record is, did the John-sons have the right to remove the buildings other than those immediately connected with their machinery?
Although in Cherry’s conveyance of the pine and poplar timber, he does not expressly confer unon Johnson the power to build a dwelling house, etc., yet in his deed to *340 Willingby lie 'does reserve that right. But it is not-stipulated in either deed that Johnson shall have the right to remove from the land any of the erections he was authorized to place upon it.
If an erection is not made with a view of permanent advantage to the land, but for the purpose of trade or manufacturing, it will be regarded as a chattel, unless a contrary intention appear. 5 Heis., 98, 99. This was held in a contest between the executors and the heirs of an intestate in reference to- a steam saw-mill, and its machinery and its appendages,, in which the intestate on whose land it was located, with three others, were equal partners, and amongst whom it was stipulated that the mill, etc., was not to be a fixture, but ivas removable at the pleasure of the owners. Ibid., 95, 96.
A division fence placed upon the line between them by adjacent owners of land "is a dedication of the materials to the realty,” and neither can remove it. It would pass by the sale of the land as effectually as the land itself. 1 Arch. B. P:, 15. So-, ordinarily, all buildings and erections upon land become realty, although it might be removed without injury to the premises.
In respect to mills and manufactories, it is stated as a rule of law, that in the absence of agreement or custom, anything can be moved without essential injury to itself, or the freehold is a chattel between a purchaser of the realty and a mortgage of the personalty. 1 Wash. R. P., 17. And, although the rule of l.aw as to- removing fixtures is said to be most liberally construed when it is applied between landlord and tenant, we think it would be extending it unwarrantably to hold that the dwelling and outhouses' of a manufacturer should, equally with his machinery and its appendages, fall within its operations.
The court charged the jury that if they “find from the proof in the Cause that the defendants- only moved the engine, boilers, carriage saws, dressing mills, and the ma *341 chinery and fixtures thereto belonging, and the buildings, houses, sheds, and all the improvements necessary and accessory thereto, then the plaintiffs cannot maintain this action, and yon should find for the defendants.’’ There is no eiTor in this charge against the defendants below. The court further charged that if the defendants removed, or tore down, or caused to be removed, the dwelling house, out-houses, stables, etc., that they would be liable, and this, we think, is a correct charge.
We are of the opinion that there is no error in the record; that the verdict is sustained by the evidence, and we affirm the judgment.